******************************************

The "officially released" date that appears near the beginning of an opinion is the date the opinion will be published in the Connecticut Law Journal or the date it is released as a slip opinion. The operative date for the beginning of all time periods for the filing of postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying an opinion that appear in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced or distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************

# THOMAS LUMPKIN, JR. *v.* NUTMEG STATE FINANCIAL CREDIT UNION
## (SC 21173)

Mullins, C. J., and McDonald, D'Auria, Ecker,
Alexander, Dannehy and Bright, Js.

### *Syllabus*

The plaintiff sought to recover damages from the defendant credit union under article 9 of the Uniform Commercial Code (UCC) (§ 42a-9-625) and the Retail Installment Sales Financing Act (RISFA) (§ 36a-785). The trial court granted the defendant's motion for summary judgment and rendered judgment thereon, concluding that the plaintiff's claims for damages under §§ 42a-9-625 and 36a-785 were barred by the one year limitation period set forth in the statute of limitations (§ 52-585) governing actions "for any forfeiture upon any penal statute . . . ." The plaintiff appealed from the trial court's judgment in favor of the defendant. *Held*:

The trial court having improperly applied the one year limitation period in § 52-585 to the plaintiff's claims under both article 9 of the UCC and RISFA, that court also improperly granted the defendant's motion for summary judgment, and, accordingly, this court reversed the trial court's judgment and remanded the case for further proceedings.

In so concluding, this court was guided by its decision in the companion case of *Connex Credit Union* v. *Madgic* (354 Conn. 459), in which the court concluded that, because §§ 42a-9-625 and 36a-785 are not penal statutes, the one year limitation period in § 52-585 is not applicable to claims brought under those statutes and that the three year limitation period set forth in the statute of limitations (§ 52-577) governing tort claims was the most suitable limitation period for claims brought under §§ 42a-9-625 and 36a-785.

Argued February 5—officially released April 28, 2026

*Procedural History*

Action to recover damages for the defendant's alleged violation of the Uniform Commercial Code and the Retail Installment Sales Financing Act, and for other relief, brought to the Superior Court in the judicial district of Hartford and transferred to the judicial district of Waterbury, Complex Litigation Docket, where the court, *Pierson*, *J.*, denied the plaintiff's motion for class certification; thereafter, the court, *Pierson*, *J.*, granted the defendant's motion for summary judgment and rendered

judgment thereon, from which the plaintiff appealed. *Reversed*; *further proceedings*.

*Tadhg Dooley*, with whom were *Garrett A. Denniston*, *Armando Ghinaglia* and, on the brief, *Marisa A. Bellair*, for the appellant (plaintiff).

*Jonathan C. Zellner*, for the appellee (defendant).

*Opinion*

PER CURIAM. This is the second companion case to *Connex Credit Union* v. *Madgic*, 354 Conn. 459, A.3d (2026), which we also decide today. The plaintiff, Thomas Lumpkin, Jr., brought claims against the defendant, Nutmeg State Financial Credit Union, seeking damages under article 9 of the Uniform Commercial Code (UCC), General Statutes § 42a-9-101 et seq., and the Retail Installment Sales Financing Act (RISFA), General Statutes § 36a-770 et seq. The trial court granted the defendant's motion for summary judgment, concluding that the plaintiff's claims for damages under General Statutes §§ 42a-9-625 and 36a-785 were time barred by the one year statute of limitations set forth in General Statutes § 52-585 for "suit[s] for any forfeiture upon any penal statute . . . ."[1]

The plaintiff now appeals[2] and claims that the timeliness of his claims is governed by the four year limitation period set forth in article 2 of the UCC; see General Statutes § 42a-2-725; or, alternatively, the three year limitation period set forth in General Statutes § 52-577. Guided by our decision in *Connex Credit Union* v. *Madgic*, supra, 354 Conn. 459, we conclude that the trial court incorrectly determined that the plaintiff's claims under §§ 42a-9-625 and 36a-785 were time barred by § 52-585.

[1] The trial court also denied the plaintiff's motion for class certification on the ground that the claims of the putative class were time barred by § 52-585.

[2] The plaintiff appealed from the judgment of the trial court to the Appellate Court, and we transferred the appeal to this court pursuant to General Statutes § 51-199 (c) and Practice Book § 65-1.

On remand, the trial court should apply the three year statute of limitations set forth in § 52-577 to the plaintiff's claims. See id., 472.

The judgment is reversed and the case is remanded for further proceedings according to law.